**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0977-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROSS W. BROWN,

    Defendant-Appellant.

_____

> Submitted September 17, 2018 – Decided October 18, 2018
>
> Before Judges Messano and Gooden Brown.
>
> On appeal from Superior Court of New Jersey, Law Division, Ocean County, Accusation No. 13-09-2311.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).
>
> Joseph D. Coronato, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Assistant Prosecutor, of counsel; Christian E. Schlegel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Ross Brown appeals from the August 11, 2016 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was initially charged in a complaint-warrant with second-degree robbery, N.J.S.A. 2C:15-1(a)(1). After waiving indictment, defendant entered a negotiated guilty plea to a two-count accusation charging him with third-degree theft, N.J.S.A. 2C:20-3, and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2). During the plea colloquy, defendant admitted to stealing a necklace valued at $1600 from the Ocean County Mall. Although he returned the necklace after he was confronted by store personnel, he drove his car into a mall security officer who was attempting to detain him, causing the officer to jump onto the hood of the car.

On November 1, 2013, instead of sentencing defendant to an aggregate 180 days in the county jail as a condition of probation as recommended by the State under the terms of the plea agreement, the trial court sentenced defendant to two years of non-custodial probation. The court noted that

> but for the efforts of your attorney, you would probably be looking at some kind of State Prison sentence. Your attorney leveraged your educational history and relentlessly really presented that information to the Prosecutor's Office who relented and made you a plea

A-0977-16T4

offer that would allow me to give you a probationary sentence without jail.

The court indicated further "that upon [defendant's] admission and . . . matriculation to law school," it would "terminate [defendant's] probation." However, instead, on June 27, 2014, defendant pled guilty to violating his probation by being arrested twice, pleading guilty to one of the resulting charges in Municipal Court, using heroin on two prior dates and testing positive for illicit drug use. The court sentenced defendant to serve 160 days in the county jail with 112 days of jail credit and indicated that upon completion of the sentence, probation would be terminated.

Defendant did not file a direct appeal. However, on July 6, 2015, he filed a pro se PCR petition asserting that his plea counsel was ineffective for failing to present "mitigating factors" to facilitate his admission into the pre-trial intervention program (PTI). The mitigating factors relied upon by defendant included the fact that he was a first-time offender, a student at Seton Hall Law School, and a product of the foster care system. Defendant also asserted that he suffered "sexual, mental, [and] physical abuse while in foster care" and was "diagnosed with [p]ost-[t]raumatic stress disorder, [p]anic disorder, [and] schizophrenia." Defendant's counsel filed a supporting brief, reiterating that defendant was denied effective assistance of counsel by his plea counsel's failure

3

to perform "an exhaustive review of his background and mental health history, all of which would have presented mitigating reasons to allow entry into the [PTI] program."

Following oral argument, in a written decision, the PCR court denied defendant's petition, finding that his claims failed "under the Strickland/Fritz[1] test" because defendant failed to establish a prima facie case of ineffective assistance of counsel to warrant an evidentiary hearing. The court rejected defendant's assertion that plea "counsel's performance was deficient" or that any "alleged deficiencies . . . materially contribute[d] to the outcome in the matter." The court pointed to the absence of "any certification or document" indicating "that PTI would have indeed been granted had this been brought up by defense counsel." In rejecting defendant's "bald assertions[,]" the court reasoned that because PTI was unattainable for defendant, "[c]ounsel [could not] be deemed ineffective for failing to advise his client of relief that was unattainable."

Relying on State v. Caliguiri, 158 N.J. 28 (1999), the court elaborated that because defendant was "charged with second-degree robbery[,]" he was "presumptively ineligible for PTI." The court acknowledged that "[a] defendant

---

[1] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

A-0977-16T4

may rebut the presumption by 'showing compelling reasons justifying . . . admission and establishing that a decision against enrollment would be arbitrary and unreasonable[.]'" However, the court observed that "something extraordinary or unusual, not merely that the accused [was] a first-time offender and has . . . accepted responsibility for the crime[,]" was required, and under State v. Waters, 439 N.J. Super. 215, 226-27 (App. Div. 2015), "[i]f a defendant fail[ed] to rebut the presumption against diversion, then [r]ejection based solely on the nature of the offense [was] appropriate." The court explained that while PTI was unattainable, plea counsel was able to secure a non-custodial disposition notwithstanding the fact that defendant was charged with a second-degree crime. In that regard, the court referenced the sentencing judge's praise of plea "[c]ounsel's efforts to secure noncustodial probation for [defendant] despite the State seeking a jail sentence."

The court noted further that defendant also "failed to show that he would have been a successful candidate in PTI since he . . . violated probation after he was sentenced." According to the court, "even if [defendant] had been admitted to PTI, his continuation in that program would have been terminated because [defendant] incurred a Municipal Court charge in Neptune for breach of the

peace. This occurred after his plea . . . , and before his sentencing on June 27, 2014." This appeal followed.

On appeal, defendant raises a single point for our consideration:

> THE LOWER COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING[.]

Merely raising a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant[,]" State v. Preciose, 129 N.J. 451, 463 (1992), and we review the judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. See R. 3:22-10; Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel,

A-0977-16T4

a defendant must satisfy two prongs. First, he must demonstrate that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness."

Second, a defendant "must show that the deficient performance prejudiced the defense." . . . The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A "reasonable probability" simply means a "probability sufficient to undermine confidence in the outcome" of the proceeding.

[State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original) (quoting Strickland, 466 U.S. at 687-88, 694; Fritz, 105 N.J. at 52).]

To set aside a guilty plea based on ineffective assistance of counsel, "a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). In other words, the defendant must show that not pleading guilty would have been "rational under the circumstances."

7

State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Because there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[,]" Strickland, 466 U.S. at 690, defendant bears the burden of proving both prongs of an ineffective assistance of counsel claim by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n. 26 (1984).

Applying these principles, we are satisfied that defendant failed to establish a prima facie case of ineffective assistance of counsel to warrant PCR or an evidentiary hearing because the existing record was sufficient to resolve the claim presented. We affirm substantially for the reasons the PCR court expressed in its comprehensive written decision. Like the PCR court, without more than a bald assertion, we are unpersuaded that PTI admission was attainable for defendant, and, even if it was, that the outcome would have been different given his violation of probation. We are equally unpersuaded that not pleading guilty would have been rational under the circumstances and that

8

defendant would have taken the risk of going to trial given the more severe sentence he would have surely faced if he was convicted of a second-degree offense.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0977-16T4